UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ROBERT TILLMAN**<br>**Plaintiff** | : | DOCKET NO. 3:20-CV-01174 |
| v. | : | |
| **FEDEX GROUND**<br>**PACKAGE SYSTEM, INC.**<br>**Defendant** | : | AUGUST 13, 2020 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant, FedEx Ground Package System, Inc. ("FedEx Ground"), hereby requests removal of a civil action from the Superior Court of the State of Connecticut, Judicial District of Hartford at Hartford, to the United States District Court for the District of Connecticut, and as grounds, states as follows:

1. On or about July 17, 2020, FedEx Ground was served with a complaint returnable to court on August 4, 2020 in the Superior Court of the State of Connecticut, Judicial District of Hartford at Hartford, Docket No. HHD-CV-20-6130863-S ("Superior Court Action"). Copies of the Summons and Complaint in the Superior Court Action are attached at Exhibit 1 in accordance with 28 U.S.C. § 1446(a). There are no other defendants in the action.

2. The state court in which the Superior Court Action was commenced is within this Court's district. See 28 U.S.C. §§ 1441(a), 1446(a).

3. Plaintiff is a resident of Connecticut.

4. FedEx Ground is the only defendant and is not a citizen of Connecticut. FedEx Ground is a corporation incorporated in Delaware and its principal place of

business and corporate headquarters is in Moon Township, Pennsylvania (Allegheny County).

5. The Superior Court Action involves a claim of alleged wrongful termination from employment in violation of Plaintiff's rights under the Connecticut's Workers' Compensation Act. Conn. Gen. Stat. § 31-290a. Plaintiff seeks, *inter alia*, lost wages and attorneys' fees as damages. Because of the nature of the damages Plaintiff seeks, the amount in controversy necessarily exceeds $75,000. Therefore, this Court has original jurisdiction under 28 U.S.C. §§ 1332(a)(1) and (c)(1) on the basis of diversity of citizenship, and the Superior Court Action may be removed by FedEx Ground pursuant to 28 U.S.C. §§ 1441(b) and 1446(c).

6. This Notice of Removal is filed within 30 days of FedEx Ground's receipt of the Complaint in the Superior Court Action. See 28 U.S.C. § 1446(b).

7. In accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal shall be served on Plaintiff and filed with the clerk of the Superior Court of the State of Connecticut, Judicial District of Hartford at Hartford.

WHEREFORE, this Superior Court Action is removable to this Court.

Respectfully submitted,

DEFENDANT,
FEDEX GROUND PACKAGE SYSTEM, INC.

By  /s/
Shel D. Myers, ct13581
Kainen, Escalera & McHale, P.C.
21 Oak Street, Suite 601
Hartford, CT  06106
Tel: (860) 493-0870
Fax: (860) 493-0871
E-mail:  smyers@kemlaw.com
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was filed electronically and mailed, postage prepaid, this 13th day of August 2020, to: Michael J. Reilly, Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114.

/s/
Shel D. Myers, ct13581

93728

3


**CT Corporation**

**Service of Process Transmittal**
07/17/2020
CT Log Number 537960060

TO: Matthew Endlish
FEDEX GROUND PACKAGE SYSTEM, INC.
1000 FED EX DR
MOON TOWNSHIP, PA 15108-9373

RE: **Process Served in Connecticut**

FOR: FedEx Ground Package System, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Robert Tillman, Pltf. vs. FedEx Ground Package System, Inc., Dft. |
| DOCUMENT(S) SERVED: | Attachment(s),?Summons,?Complaint, Statement |
| COURT/AGENCY: | Hartford at Hartford Superior Court Judicial District, CT<br>Case # NONE |
| NATURE OF ACTION: | Employee Litigation - Wrongful Termination - 02/21/2020 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, East Hartford, CT |
| DATE AND HOUR OF SERVICE: | By Process Server on 07/17/2020 at 13:09 |
| JURISDICTION SERVED: | Connecticut |
| APPEARANCE OR ANSWER DUE: | 08/04/2020 (Document(s) may contain additional answer dates) |
| ATTORNEY(S) / SENDER(S): | Michael J. Reilly<br>Cicchiello & Cicchiello, LLP<br>364 Franklin Avenue<br>Hartford, CT 06114<br>860-296-3457 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 07/18/2020, Expected Purge Date: 07/23/2020<br><br>Image SOP<br><br>Email Notification, Matthew Endlish  matthew.endlish@fedex.com<br><br>Email Notification, LISA SANTUCCI  lisa.santucci@fedex.com |
| SIGNED:<br>ADDRESS: | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| For Questions: | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of 1 / SD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


DEFENDANT'S EXHIBIT 1

**SUMMONS - CIVIL**
JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

See other side for instructions

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov



☐ "X" If amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" If amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" If claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06103 | ( 860 ) 548-2700 | August  4  2020 |

| ☒ Judicial District   ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|
| ☐ Housing Session | Hartford | Major: M   Minor: 90 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number (with area code) | Signature of Plaintiff (if self-represented) |
|---|---|
| ( 860 ) 296-3457 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☐ Yes  ☒ No

Email address for delivery of papers under Section 10-13 (if agreed to)

Number of Plaintiffs: 1      Number of Defendants: 1      ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Robert Tillman  Address: c/o Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: FedEx Ground Package System, Inc.  Address: 1000 FedEx Drive, Moon Township, PA 15108 | D-01 |
| Additional Defendant | Name: Agent: CT Corporation System, 67 Burnside Avenue, East Hartford, CT 06108  Address: | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

**Notice to Each Defendant**

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left  Michael J. Reilly | Date signed  07/09/2020 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

A TRUE COPY ATTEST
KEITH E. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
   (b) Summary process actions.
   (c) Applications for change of name.
   (d) Probate appeals.
   (e) Administrative appeals.
   (f) Proceedings pertaining to arbitration.
   (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
|  | C 10 | Construction - State and Local |  | T 03 | Defective Premises - Private - Other |
|  | C 20 | Insurance Policy |  | T 11 | Defective Premises - Public - Snow or Ice |
|  | C 30 | Specific Performance |  | T 12 | Defective Premises - Public - Other |
|  | C 40 | Collections |  | T 20 | Products Liability - Other than Vehicular |
|  | C 90 | All other |  | T 28 | Malpractice - Medical |
| Eminent Domain | E 00 | State Highway Condemnation |  | T 29 | Malpractice - Legal |
|  | E 10 | Redevelopment Condemnation |  | T 30 | Malpractice - All other |
|  | E 20 | Other State or Municipal Agencies |  | T 40 | Assault and Battery |
|  | E 30 | Public Utilities & Gas Transmission Companies |  | T 50 | Defamation |
|  | E 90 | All other |  | T 61 | Animals - Dog |
| Miscellaneous | M 00 | Injunction |  | T 69 | Animals - Other |
|  | M 10 | Receivership |  | T 70 | False Arrest |
|  | M 20 | Mandamus |  | T 71 | Fire Damage |
|  | M 30 | Habeas Corpus (extradition, release from Penal Institution) |  | T 90 | All other |
|  | M 40 | Arbitration | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
|  | M 50 | Declaratory Judgment |  | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
|  | M 63 | Bar Discipline |  | V 05 | Motor Vehicles* - Property Damage only |
|  | M 66 | Department of Labor Unemployment Compensation Enforcement |  | V 06 | Motor Vehicle* - Products Liability Including Warranty |
|  | M 68 | Bar Discipline - Inactive Status |  | V 09 | Motor Vehicle* - All other |
|  | M 70 | Municipal Ordinance and Regulation Enforcement |  | V 10 | Boats |
|  | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |  | V 20 | Airplanes |
|  |  |  |  | V 30 | Railroads |
|  | M 83 | Small Claims Transfer to Regular Docket |  | V 40 | Snowmobiles |
|  | M 84 | Foreign Protective Order |  | V 90 | All other |
|  | M 90 | All other |  |  | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Property | P 00 | Foreclosure |  |  |  |
|  | P 10 | Partition | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
|  | P 20 | Quiet Title/Discharge of Mortgage or Lien |  | W 90 | All other |
|  | P 30 | Asset Forfeiture |  |  |  |
|  | P 90 | All other |  |  |  |

RETURN DATE: AUGUST 4, 2020 : SUPERIOR COURT
: 
ROBERT TILLMAN : J.D. OF HARTFORD
: 
VS. : AT HARTFORD
: 
FEDEX GROUND PACKAGE SYSTEM, INC. : JULY 9, 2020

## COMPLAINT

**COUNT ONE:** Violation of Connecticut General Statutes § 31-290a

1. At all times mentioned herein, the plaintiff, Robert Tillman, (hereinafter referred to as "plaintiff") was and is a resident of the City of New Britain, State of Connecticut.

2. The Defendant in this matter, Fedex Ground Package System, Inc. (hereinafter "Defendant" or "Defendant Company"), was and is a foreign company organized under the laws of the State of Delaware, with a local business address of 49 Fedex Drive, Middletown CT, 06457.

3. The plaintiff began working for the Defendant as a package handler on or about August 9, 2016. The plaintiff was transferred to the defendant's Middletown facility on or about September 19, 2019.

4. On or about mid-January 2020, the plaintiff was injured while working in the course of his employment. The plaintiff was unloading a 53 foot trailer and a heavy box fell from 6 feet high onto the back of his head, knocking the plaintiff to the ground.

5. Immediately after the work accident, the plaintiff approached his managers, Jason Harris and David Willis, and reported that he was involved in a work accident where he sustained an injury.

6. The plaintiff informed his managers that he sustained an injury to the head and neck and that he was dizzy. In response, management did not record the incident, did not fill out an accident report and did not offer the plaintiff medical treatment. Instead, they directed the plaintiff to return to work.

7. The next day, plaintiff returned to work and asked how he was feeling. In response, plaintiff said that he had a lump on his head, showed his two managers the lump, and he stated that he felt lightheaded and dizzy.

8. Plaintiff also informed management that he wanted to report the injury and get medical treatment.

9. Defendant management denied plaintiff's request for medical treatment. Instead, they stated, "let's just see how it goes for a day or two before you go to the doctor."

10. Upon information and belief, throughout the plaintiff's employment, plaintiff is aware that other employees were injured and defendant refused to record those work injuries and denied medical treatment.

11. Soon thereafter, while the plaintiff was in the course of his employment and putting boxes on a conveyor belt, manager Jason Harris approached the plaintiff, walked up to the plaintiff in close proximity, put his finger on the plaintiff chest, poking him and yelled at the plaintiff for the manner in which he was emptying the trailer.

12. Manager Harris accused the plaintiff of throwing packages, which Harris claimed was a severe violation of company policy.

13. Throughout the plaintiff's employment, other employees frequently threw boxes into barrels from the truck and those employees were never disciplined or terminated, nor were they involved in a work accident and required medical treatment.

14. The day before the above incident, the plaintiff approached the same manager, Mr. Harris, and stated that he was still suffering from neck and head pain from the accident and that he has been asking for medical treatment but has been denied.

15. In response, Mr. Harris denied plaintiff's request for medical treatment. As a result, Plaintiff then asked to speak to his manager or human resources. This made Mr. Harris extremely upset at the plaintiff and caused Mr. Harris to raise his voice at the plaintiff.

16. Upon information and belief, Mr. Harris was the manager who reported the plaintiff for allegedly violating company policy for throwing packages, which led to the decision to terminate the plaintiff's employment.

17. Plaintiff was terminated on February 21, 2020, by Steven Pianka and Scott Rhodes. Management informed plaintiff that he was terminated for violating company policy because he allegedly threw packages. Plaintiff once again raised his work accident and that he has been asking management for medical treatment, but he was again ignored.

18. The Defendant terminated the Plaintiff because he exercised, or attempted to exercise, rights under the Workers' Compensation Act, in violation of Connecticut General Statute § 31-290a.

19. As a result of the Defendant's violation of Conn. Gen. Stat. § 31-290a, the Plaintiff has suffered monetary losses, including, *inter alia,* lost wages.

20. As a further result of the Defendant's violation of Conn. Gen. Stat. § 31-290a the Plaintiff was caused to suffer non-economic losses and damages.

21. As a further result of the Defendant's violation of Conn. Gen. Stat. § 31-290a, the Plaintiff has incurred, or will incur, attorney's fees and costs.

WHEREFORE, the Plaintiff prays for the following relief:

1. Money damages;
2. Punitive damages;
3. Reasonable attorneys fee and costs; and
4. Such other relief the Court deems just and proper.

THE PLAINTIFF,
ROBERT TILLMAN

By: /s/ Michael J. Reilly
Michael J. Reilly, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: mreilly@cicchielloesq.com

A TRUE COPY ATTEST
KEITH L. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

4

| | |
|---|---|
| RETURN DATE: AUGUST 4, 2020 | SUPERIOR COURT |
| ROBERT TILLMAN | J.D. OF HARTFORD |
| VS. | AT HARTFORD |
| FEDEX GROUND PACKAGE SYSTEM, INC. | JULY 9, 2020 |

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiff claims the amount in demand in excess of $15,000.00 exclusive of interest and costs.

THE PLAINTIFF,
ROBERT TILLMAN

By: *[signature]*
Michael D. Reilly, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: mreilly@cicchielloesq.com

A TRUE COPY ATTEST

KEITH T. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

5